Donald Pongrace (*pro hac vice*)
James E. Tysse
Merrill C. Godfrey
Rachel Bayefsky (*pro hac vice*)*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000
dpongrace@akingump.com
jtysse@akingump.com
mgodfrey@akingump.com
rbayefsky@akingump.com

*Attorneys for Seneca Nation*

*Licensed to practice in New York only and
under the direct supervision of a partner of
Akin Gump Strauss Hauer & Feld LLP who
is an enrolled, active member of the District
of Columbia Bar; application for admission
to the D.C. Bar pending.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SENECA NATION, a federally recognized Indian tribe, <br><br> Plaintiff, <br><br> v. <br><br> Andrew CUOMO, in his official capacity as Governor of New York, *et al.*, <br><br> Defendants. | Case No. 1:18-cv-429 <br><br> **SENECA NATION'S SUPPLEMENTAL REPLY BRIEF** |

## TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................2

    I.    DEFENDANTS PROVIDE NO SUPPORT FOR AN EXCEPTION TO *EX PARTE YOUNG* HERE ................................................................................2

    II.    DEFENDANTS' EFFORTS TO DISTINGUISH THE NATION'S CASES FAIL ......................................................................................................................4

        A.    Defendants Cannot Distinguish This Court's 1975 *Seneca Nation* Decision. .....................................................................................................5

        B.    Defendants Fail To Distinguish The Rest Of The Nation's Cited Authority. ....................................................................................................6

    III.    DEFENDANTS DO NOT DISPUTE THAT NEW YORK STATE IS NOT A REQUIRED PARTY BECAUSE STATE OFFICIALS ADEQUATELY REPRESENT THE STATE'S INTERESTS .........................................................10

CONCLUSION ..............................................................................................................................11

i

# TABLE OF AUTHORITIES

**CASES:**

*Arnett v. Myers*,
    281 F.3d 552 (6th Cir 2002) ..................................................................................................7

*Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*,
    276 F.3d 1150 (9th Cir. 2002) ................................................................................................3

*Elephant Butte Irrigation Dist. of New Mexico v. Department of Interior*,
    160 F.3d 602 (10th Cir. 1998) ................................................................................................9

*Gila River Indian Cmty. v. Winkleman*,
    No. CV 05-1934-PHX-EHC, 2006 WL 1418079 (D. Ariz. May 22, 2006) ............................8

*Idaho v. Coeur d'Alene Tribe of Idaho*,
    521 U.S. 261 (1997) ................................................................................................................3

*In re Deposit Ins. Agency*,
    482 F.3d 612 (2d Cir. 2007) ................................................................................................4, 8

*John G. & Marie Stella Kenedy Mem'l Found. v. Mauro*,
    21 F.3d 667 (5th Cir. 1994) ....................................................................................................3

*Lipscomb v. Columbus Municipal Separate Sch. Dist.*,
    269 F.3d 494 (5th Cir. 2001) ..............................................................................................7, 8

*Marvin M. Brandt Revocable Tr. v. U.S.*,
    572 U.S. 93 (2014) ..............................................................................................................4, 8

*Mille Lacs Band of Chippewa Indians v. Minnesota*,
    124 F.3d 904 (8th Cir. 1997) ..................................................................................................9

*NAACP v. Merrill*,
    939 F.3d 470 (2d Cir. 2019) ....................................................................................................2

*Perez v. Does*,
    209 F. Supp. 3d 594 (W.D.N.Y. 2016) ...................................................................................6

*Ruotolo v. City of New York*,
    514 F.3d 184 (2d Cir. 2008) ....................................................................................................6

*Salt River Project Agric. Improvement & Power Dist. v. Lee*,
    672 F.3d 1176 (9th Cir. 2012) ................................................................................................3

*Seneca Nation of Indians v. New York*,
    397 F. Supp. 685 (W.D.N.Y. 1975) ....................................................................................5, 6

*Severance v. Patterson*,
    566 F.3d 490 (5th Cir. 2009) ..........................................................................................3, 4, 8

*Suever v. Connell*,
    439 F.3d 1142 (9th Cir. 2006) .................................................................................................7

*Tindal v. Wesley*,
    167 U.S. 204 (1897).............................................................................................................8, 9

*United States v. Peters*,
    9 U.S. (5 Cranch) 115 (1809)...................................................................................................7

*Verizon Md., Inc. v. Public Serv. Comm'n*,
    535 U.S. 635 (2002)..................................................................................................................2

**OTHER AUTHORITIES:**

*Easement*, BLACK'S LAW DICTIONARY (11th ed. 2019) ....................................................................4

FED. R. CIV. P. 19 ............................................................................................................................10

RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 1.2(1) (1998) .................................................4

**INTRODUCTION**

Defendants' response only underscores that there is no basis for this Court to carve out an exception from *Ex parte Young* for this case. Defendants contend that "the prevailing case law is that a lawsuit cannot be brought to question a state's valid ownership of property under *Ex parte Young*." Defs.' Suppl. Mem. in Further Opp'n to Pl.'s Objs. to R. & R. 4 (ECF No. 44) (Defs.' Suppl. Br.). Yet they cite no precedent to support that incorrect proposition, and instead describe the case law as "murk[y]." *Id.* If Defendants' proposed property exception were truly "prevailing" law, they would be able to point to at least one case clearly so holding. They cannot.

Lacking authority of their own, Defendants instead spend the bulk of their brief attempting to distinguish the Nation's many cited cases—including an on-point 1975 decision from this Court—in which courts have adjudicated suits under *Ex parte Young* implicating the validity of sovereign property interests. Defendants' scattershot attempts to brush aside those cases fail in multiple respects. Defendants repeatedly assume the validity of the disputed easement, improperly asking the Court to prejudge the merits of the case on a motion to dismiss. They mischaracterize the nature of New York State's property interest as "title" or "ownership" rather than as an easement, *i.e.*, a nonpossessory right to enter and use the Nation's land. And they rely on a series of purported distinctions that are wholly unrelated to the availability of relief under *Ex parte Young*.

Try as they might, however, Defendants cannot avoid that *Ex parte Young* is made for situations like this, where a federal court has been asked to adjudicate—and, if necessary, to end—an ongoing violation of federal law that would otherwise be tolerated in perpetuity due to state sovereign immunity. This Court should not be the first to carve out the exception that Defendants seek. Instead, because this suit satisfies *Ex parte Young*'s straightforward prerequisites, Defendants' motion to dismiss should be denied.

1

## ARGUMENT

**I.    DEFENDANTS PROVIDE NO SUPPORT FOR AN EXCEPTION TO *EX PARTE YOUNG* HERE**

As the Nation has argued, "[i]n determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Public Serv. Comm'n*, 535 U.S. 635, 645 (2002) (internal quotation marks and alteration omitted); *accord NAACP v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019); *see* Seneca Nation's Suppl. Br. 1 (ECF No. 41) (Nation's Suppl. Br.).  The Nation has elsewhere explained why this test is plainly met in this case.  *See* Seneca Nation's Objs. to Magistrate Judge's R. & R. 18-25 (ECF No. 32) (Nation's Objs.).  Defendants' baseless attempts to erect additional barriers fail.

Defendants argue that (1) "a sovereign is a necessary party in a case adjudicating the ownership of property the sovereign claims it owns," and (2) "the prevailing case law is that a lawsuit cannot be brought to question a state's valid ownership of property under *Ex parte Young*." Defs.' Suppl. Br. 4.  But the dearth of affirmative support for those propositions in Defendants' brief belies any suggestion that *Ex parte Young* is categorically unavailable in suits that might call into question the validity of a sovereign property interest.  The few affirmative precedents Defendants cite to bolster their interpretation of case law they call "murk[y]" and "less than crystal clear," *id.*, fail to show either that New York State is a necessary party or that *Ex parte Young* is inapplicable.[1]

---

[1] Despite the focused questions in the Court's supplemental briefing order, Defendants also use their supplemental brief to reprise their argument that Plaintiff's suit is barred by the Second Circuit's 2004 decision.  *See* Defs.' Suppl. Br. 2-4.  As explained in the Nation's earlier briefing,

2

On the first question—the necessary party issue—Defendants acknowledge that *Salt River Project Agricultural Improvement & Power District v. Lee*, 672 F.3d 1176 (9th Cir. 2012) (*Salt River*), "did indeed apply *Ex parte Young*, in holding that the Navajo Nation was not a necessary party" in a lawsuit challenging a lease to which the Tribe was signatory. Defs.' Suppl. Br. 8. Defendants nonetheless rely on an earlier Ninth Circuit case, *Dawavendewa v. Salt River Project Agricultural Improvement & Power District*, 276 F.3d 1150, 1153 (9th Cir. 2002) (*Dawavendewa*), which held that a sovereign tribe was a necessary party "[a]s a signatory to [a] lease" with the Salt River District. What Defendants fail to acknowledge, however, is that *Salt River* explicitly distinguished *Dawavendewa* on the ground that, "unlike here[,] the tribal officials were *not* parties to the action and thus could not represent the absent tribe's interests." 672 F.3d at 1181. As in *Salt River* (and unlike in *Dawavendewa*), the state officials named here "adequately represent [New York State's] interests." *Id.* In fact, Defendants do not dispute this point. *See infra* Part III. Thus, *Salt River* and *Dawavendewa* support the Nation, not Defendants.

On the second question—the *Ex parte Young* issue—Defendants rely on essentially one case: *John G. & Marie Stella Kenedy Memorial Foundation v. Mauro*, 21 F.3d 667 (5th Cir. 1994), which does not even cite *Ex parte Young*. Defendants fail to mention that the Fifth Circuit later explicitly distinguished *Mauro* in one of the Nation's cited cases, *Severance v. Patterson*, 566 F.3d 490 (5th Cir. 2009). In *Severance*, the Fifth Circuit upheld an *Ex parte Young* suit against state officials to prevent enforcement of a state easement over the plaintiff's property. *Id.* at 492, 495. Distinguishing *Mauro* (as well as *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997)),

---

however, the prior litigation did not decide whether the Nation may bring a new lawsuit under *Ex parte Young* "against a different group of defendants that adequately represent the State's interest as a matter of law." Seneca Nation's Reply in Supp. of Its Objs. to Magistrate Judge's R. & R. 6 (ECF No. 37).

3

the court of appeals explained that because fee title was not disputed, the plaintiff's "suit is not the functional equivalent of a quiet-title action:  Title to the properties at issue rests with [the plaintiff], not the State. . . . The issue is whether the State may constitutionally impose an easement, or an encumbrance, on her fee simple estate."  566 F.3d at 495.  The same is true in this case.

Finally, Defendants rely on a passage from *In re Deposit Insurance Agency*, 482 F.3d 612 (2d Cir. 2007), in which the court of appeals observed that "[t]here may well be . . . strong arguments that the Eleventh Amendment precludes a quiet title suit in federal court against a state, absent state consent, based on the fact that such an action would adjudicate the state's beneficial ownership of property, regardless of whether it is nominally asserted against a state official."  *Id.* at 619.  That statement by its very terms does not describe this suit, which does not implicate the "ownership" of any state property.  Instead, there is no dispute that the *Nation*—not New York— has title to the land where the State claims the challenged easement, and that the State claims a "nonpossessory right to enter and use land in the possession of another."  *Marvin M. Brandt Revocable Tr. v. U.S.*, 572 U.S. 93, 105 (2014) (quoting RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 1.2(1) (1998)); *see also Easement*, BLACK'S LAW DICTIONARY (11th ed. 2019) (describing an easement as "[a]n interest in land owned by another person").

In any event, the cited statement from *In re Deposit* is, on its face, only dicta about what "may well be."  Despite this dicta, the Second Circuit ultimately approved, as "a classic application of *Ex parte Young*," "a prayer for relief to dispossess a state official of assets and some of the incidents of ownership thereof under authority of controlling federal law."  *In re Deposit*, 482 F.3d at 620.  *In re Deposit* therefore supports the Nation as well.

## II. DEFENDANTS' EFFORTS TO DISTINGUISH THE NATION'S CASES FAIL

Rather than citing authority of their own, Defendants spend most of their brief attempting to distinguish the Nation's cited precedent.  Those efforts fail.

4

### A.      Defendants Cannot Distinguish This Court's 1975 *Seneca Nation* Decision.

The Nation's supplemental brief cited numerous decisions in which courts have allowed parties to bring suits implicating the validity of sovereign property interests under *Ex parte Young*—including one from this very Court involving the same plaintiff and several state defendants. In *Seneca Nation of Indians v. New York*, 397 F. Supp. 685 (W.D.N.Y. 1975), Chief Judge Curtin squarely held that state sovereign immunity posed no bar to an *Ex parte Young* suit against a New York State official requiring the court to draw a conclusion about the State's claim of title to the Nation's land. Thus, this Court need only follow *Seneca Nation* to deny Defendants' motion to dismiss.

None of Defendants' purported distinctions of *Seneca Nation* has merit. First, Defendants point to the court's statement, following its *Ex parte Young* holding, that "there is authority that [the defendants] have waived their right to immunity." *Seneca Nation*, 397 F. Supp. at 686. But that was plainly a secondary and alternative holding (to the extent it was a holding at all). Because that observation came only after the court's sovereign immunity holding, it could not call into question the court's primary and independent holding that the Nation's suit could proceed against a state official notwithstanding sovereign immunity.

Second, Defendants seek to distinguish *Seneca Nation* by pointing to a writing here that purports to convey an easement. *See* Defs.' Suppl. Br. 6. But the legally relevant feature of the Nation's claim, just as in the earlier case, is that state officials are violating federal law—here, through their continuing use of an easement that was never validly conveyed. The existence of a writing is immaterial.

Finally, Defendants try to distinguish *Seneca Nation* on the ground that it involved an "alleg[ation] that a state official had acted without legal authority." Defs.' Suppl. Br. 6; *see Seneca*

5

*Nation*, 397 F. Supp. at 685-687 (allegations include that state "defendants are without the authority, right or power to appropriate the land of the Seneca Nation" in violation of federal law). But that is the same allegation made in this case, so there is no distinction. *See, e.g.*, Compl. ¶ 2 (ECF No. 1) ("A state does not have, and therefore cannot confer on its individual officers, any authority to violate federal law."). Thus, as in *Seneca Nation*, Defendants' mere assertion that they have legal authority for their challenged action provides no reason to dismiss the suit on sovereign immunity grounds. *See Seneca Nation,* 397 F. Supp. at 686.

      **B.**      **Defendants Fail To Distinguish The Rest Of The Nation's Cited Authority.**

Defendants' efforts to distinguish the Nation's remaining cited cases fall flat.

*Defendants Impermissibly Assume That They Will Succeed on the Merits.* Defendants purport to distinguish a number of the Nation's cases as involving supposedly genuine property disputes, while repeatedly arguing that there is no similar controversy here. *See, e.g.*, Defs.' Suppl. Br. 6 ("[T]here is no question that the State of New York obtained a valid property interest in the Thruway easement."). But on a motion to dismiss, the Court "accept[s] all factual allegations in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." *Perez v. Does*, 209 F. Supp. 3d 594, 597 (W.D.N.Y. 2016) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008)). The Nation has alleged facts that, when proven, will establish that New York never satisfied federal prerequisites needed to obtain its purported easement, and thus that the easement was never validly conveyed as a matter of federal law. *See* Compl. ¶¶ 17-18, 27-28; Nation's Objs. 17-18. Indeed, Western District of New York Magistrate Judge Heckman found in 1999 that "[i]t is undisputed" that federal "requirements" needed "to obtain a valid right-of-way across Indian land . . . were not complied with in this case." R. & R. 10-11, *Seneca Nation v. New York*, 93-cv-688 (W.D.N.Y. July 12, 1999) (18-cv-429 ECF No. 29-2). At a minimum, the Court should not

6

assume the correctness of *Defendants'* factual allegations or legal conclusions on a motion to dismiss.

Defendants' assumption that they would prevail on the merits despite contrary factual allegations, in violation of the standards for a motion to dismiss, infects Defendants' treatment of not only *Seneca Nation*, but a number of other cases as well, including *Arnett v. Myers*, 281 F.3d 552 (6th Cir 2002), *Suever v. Connell*, 439 F.3d 1142 (9th Cir. 2006), and *United States v. Peters*, 9 U.S. (5 Cranch) 115 (1809). Defendants seek to distinguish *Arnett*, for instance, on the ground that "the state was taking property without compensation and without the consent of the property owners." Defs.' Suppl. Br. 10 (citing *Arnett*, 281 F.3d 552). The current case, however, raises the question whether the legal prerequisites to give rise to a valid easement were ever satisfied. *See* Compl. ¶¶ 17-18, 27-28. In terms of their legal relevance, those allegations are no different than the ones raised in *Arnett*.

Along similar lines, Defendants imply that state officials' illegal uses of property are immune from challenge as long as a plaintiff's interests are infringed before the plaintiff can sue. Thus, Defendants endeavor to distinguish *Lipscomb v. Columbus Municipal Separate School District*, 269 F.3d 494 (5th Cir. 2001), on the ground that "[t]he court was not being asked to take state property from it but to prevent the state from seizing the property." Defs.' Suppl. Br. 11. But that purported distinction had no bearing on the court's analysis of *Ex parte Young*'s application to property interests. Rather, in *Lipscomb* (as here), plaintiffs brought suit under *Ex parte Young* seeking redress for state officials' disposition of a property interest—namely, the state's unconstitutional efforts to invalidate certain leases the plaintiffs held. In upholding their right to seek relief, the Fifth Circuit in *Lipscomb* never suggested that an *Ex parte Young* suit seeking prospective relief would be unavailable had state officials simply succeeded in invalidating the

7

plaintiffs' leases before they could bring suit. *See Lipscomb*, 269 F.3d at 501-502.[2]

More fundamentally, Defendants' argument, if accepted, would mean that state officials could engage in ongoing violations of federal law (even of the Constitution), yet enjoy perpetual immunity from redress in federal court so long as they first seized property before a federal judge could intervene. That is not the law. *See Tindal v. Wesley*, 167 U.S. 204, 222 (1897) (state, acting through its officers, cannot seize property and leave "the citizen . . . remediless so long as the state, by its agents, chooses to hold his property"); *see also* Tr. of Oral Arg. at 25-26 (Oct. 17, 2019) (offering hypothetical in which "state confiscates my house"). Although the Nation raised this point in its supplemental brief, *see* Nation's Suppl. Br. 10, Defendants offer no response.

*Defendants Ignore That the Nation Holds Title to the Property Here and That the State Claims Only a Nonpossessory Interest.* Defendants also err in mischaracterizing the nature of the State's claimed property interest. As Defendants are compelled to recognize, the Nation cited multiple cases involving state officials' assertions of "title to property . . . on behalf of the state." Defs.' Suppl. Br. 5. Still, it bears repeating that the property interest here is an easement, *i.e.*, a "nonpossessory right to enter and use land in the possession of another." *Brandt*, 572 U.S. at 105. Title to the reservation land undisputedly rests with the Nation. Defendants' failure to describe the sovereign interest accurately undermines their purported distinctions of *Severance*, 566 F.3d 490, *In re Deposit*, 482 F.3d 612, and *Gila River Indian Community v. Winkleman*, No. CV 05-1934-PHX-EHC, 2006 WL 1418079 (D. Ariz. May 22, 2006). *See supra* at 3-4; Defs.' Suppl. Br. 6, 11-12.

*Defendants Offer Inapposite Distinctions.* Finally, Defendants offer various putative

---

[2] To the extent Defendants are simply repeating their challenge to the prospectivity of the relief the Nation seeks, this argument was refuted in prior briefing. *See* Nation's Objs. at 20-22.

8

distinctions of the Nation's cases, without explaining why those distinctions make any legal difference. For example, Defendants observe that in *Elephant Butte Irrigation District of New Mexico v. Department of Interior*, 160 F.3d 602 (10th Cir. 1998), "the continuing payments of profits were contemplated by the underlying Federal law." Defs.' Suppl. Br. 11. But that point is unrelated to the Tenth Circuit's conclusion that an *Ex parte Young* suit may proceed when "[t]he district court is primarily adjudicating the validity of the state's asserted property interest," *i.e.*, the state's "claim to profits under the lease." *Elephant Butte*, 160 F.3d at 612.

Similarly, in *Tindal*, 167 U.S. at 212, 222-223, a suit brought against state officers for illegally possessing land, the Supreme Court upheld a finding that a state lacked title. Defendants contend the citation to *Tindal* is "misplaced" because an allegation that state officials committed common law torts "no longer provides relief in federal court." Defs.' Suppl. Br. 8. Again, that supposed distinction does not bear on the legal authorization for suits against state officials implicating the validity of sovereign property interests.

Finally, the United States' intervention (in part) in *Mille Lacs Band of Chippewa Indians v. Minnesota*, 124 F.3d 904 (8th Cir. 1997), *see* Defs.' Suppl. Br. 8-9, is a non-sequitur. Contrary to Defendants' statement that the United States' intervention "eliminat[ed] any Eleventh Amendment issues," *id.* at 9, the Eighth Circuit held that claims to usufructuary rights as to which the United States had *not* intervened "fall squarely within the *Ex parte Young* exception to the Eleventh Amendment," *Mille Lacs*, 124 F.3d at 914.

*****

In sum, Defendants neither succeed in distinguishing the Nation's cited cases nor point to a single decision that has ever recognized the vast exception to *Ex parte Young* that they seek. This Court should not be the first.

9

### III.   DEFENDANTS DO NOT DISPUTE THAT NEW YORK STATE IS NOT A REQUIRED PARTY BECAUSE STATE OFFICIALS ADEQUATELY REPRESENT THE STATE'S INTERESTS

The Nation argued in its supplemental brief that New York State is not a "required" party under Federal Rule of Civil Procedure 19 because the defendant state officials adequately represent its sovereign interest, and there is no exception to this principle for cases implicating sovereign property interests. *See* Nation's Suppl. Br. 12-17. Defendants do not dispute the Nation's Rule 19 point; on the contrary, Defendants earlier conceded that "a Rule 19 failure to join an indispensable, immune party can be cured by suing state officials in their official capacity for prospective injunctive relief." Defs.' Resp. to Pl.'s Objs. to R. & R. of Magistrate Judge Hugh B. Scott 6 (ECF No. 36). Their failure to challenge the Nation's Rule 19 argument confirms that the New York state officials named in this suit—who are represented by the New York Attorney General and who share New York's interests and arguments—adequately represent the State's interest in this lawsuit.

## CONCLUSION

The Court should reject the Magistrate Judge's Report and deny Defendants' motion to dismiss.

DATED this 31st day of January 2020.

          Respectfully submitted,

          <u>/s/ James E. Tysse</u>
          Donald Pongrace (*pro hac vice*)
          James E. Tysse
          Merrill C. Godfrey
          Rachel Bayefsky (*pro hac vice*)*
          Akin Gump Strauss Hauer & Feld LLP
          2001 K Street, N.W.
          Washington, D.C. 20006
          (202) 887-4000
          dpongrace@akingump.com
          jtysse@akingump.com
          mgodfrey@akingump.com
          rbayefsky@akingump.com

          *Attorneys for Seneca Nation*

          * Licensed to practice in New York only and under the direct supervision of a partner of Akin Gump Strauss Hauer & Feld LLP who is an enrolled, active member of the District of Columbia Bar; application for admission to the D.C. Bar pending.