# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SENECA NATION, a federally recognized Indian tribe,<br><br>        Plaintiff,<br><br>   v.<br><br>KATHLEEN C. HOCHUL, in her official capacity as Governor of New York, *et al.*,<br><br>        Defendants. | Case No. 1:18-cv-429-LJV-MJR |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

The Defendants, KATHLEEN C. HOCHUL, LETITIA JAMES, MARIA T. DOMINGUEZ, THOMAS P. DINAPOLI, and THE NEW YORK STATE THRUWAY AUTHORITY, by their attorney Letitia James, Attorney General of the State of New York, David J. Sleight, and Stephanie Joy Calhoun, Assistants Attorney General, of counsel, responds to Plaintiff's First Set of Request for Admission ("RFA") dated November 2, 2023, as follows. The Defendants reserves the right to supplement the responses to the admissions as may be required.

### REQUESTS FOR ADMISSION

1.     Admit the Seneca Nation exercises jurisdiction over its Territories, including those occupied by Seneca members such as the Allegany, Cattaraugus, and Oil Spring Territories.

ANSWER:    Admit.

2.     Admit the Seneca Nation holds title to its Allegany, Cattaraugus, and Oil Spring Territories in restricted fee, and individual Seneca members occupy lands on the Territories

1

pursuant to Nation law.

ANSWER:    Admit.

3.    Admit the Cattaraugus Territory was set aside for the Seneca Nation by treaties between the Seneca Nation and the United States in 1794/1797 and 1802/1842.

ANSWER:    Admit.

4.    Admit there is no record that, after June 10, 1946, the Thruway Authority or any New York state official submitted or provided any documentation or other information related to the Disputed Thruway Easement to the Secretary of the Interior or any other federal official.

ANSWER:    Admit only that the Defendants have no record of it.

5.    Admit there is no record that the Secretary of the Interior or any other federal official provided any approval of the Disputed Thruway Easement to the Thruway Authority or any New York state official.

ANSWER:    Deny.

6.    Admit that on August 28, 1954, a meeting was held between the Seneca Nation of Indians and State officials from the Department of Public Works and the Nation was represented by Edward E. O'Neill.

ANSWER:    Admit that on August 28, 1954, a meeting was held between the Seneca Nation of Indians and State officials from the Department of Public Works; however, deny knowledge or information sufficient to admit or deny who Mr. O'Neill represented at the meeting. Exhibit F to Plaintiff's RFA states only that Mr. O'Neill was there and that he was attorney for the fifteen councilman present.

7.    Admit Edward E. O'Neill was selected by the State of New York to represent the Nation during negotiations over the Disputed Thruway Easement and that the State of New York paid for Mr. O'Neill's services during negotiations.

ANSWER:    Deny. The September 18, 1954, Council Resolution attached as Exhibit G to the RFA

2

reflects that Mr. O'Neill was paid for his services out of the $75,500.00 the State paid the Nation for the Thruway easement.

8.     Admit the Disputed Thruway Easement (Exhibit I) was not signed by a representative of the United States, no federal official was present when the agreement was signed, and no federal official was present at the closing.

ANSWER:    Admit only that the Defendants have no record of it.

9.     Admit there was no professional independent appraisal of the value of the Disputed Thruway Easement (Exhibit I) prior to October 5, 1954.

ANSWER:    Deny knowledge or information sufficient to admit or deny.

10.    Admit no map of the definite location of the Disputed Thruway Lands was filed with the Department of Interior.

ANSWER:    Admit only that the Defendants have no record of it.

11.    Admit no application for approval of the Disputed Thruway Easement was filed with the Department of the Interior.

ANSWER:    Admit only that the Defendants have no record of it.

12.    Admit no schedule of damages for the Disputed Thruway Easement was filed with the Department of the Interior.

ANSWER:    Admit only that the Defendants have no record of it.

13.    Admit you are aware of no record of the Secretary of the Interior approving any application, map, or schedule of damages for the Disputed Thruway Easement.

ANSWER:    Admit only that the Defendants have no record of it.

14.     Admit there is no endorsement from the Secretary of the Interior or any of his or her delegates on any map of definite location of the Disputed Thruway Lands or relating to the Disputed Thruway Easement in your possession.

ANSWER:    Admit only that the Defendants have no record of it.

15.     Admit there is no record of the Disputed Thruway Easement (Exhibit I) being approved by the Secretary of the Interior or his or her delegates on or after October 5, 1954.

ANSWER:    Admit only that the Defendants have no record of it.

16.     Admit the New York Attorney General's office, the New York Department of Transportation's predecessor agency, and the New York Thruway Authority participated in the closing of title for the Disputed Thruway Easement (Exhibit I) in 1954.

ANSWER:    Deny. Representatives of those entities attended the closing; their level of participation is unknown. *See* Exhibit J.

17.     Admit the Governor of New York has exercised the executive power to seek easements.

ANSWER:    Defendants object to the lack of a temporal limit on this Request for Admission. Notwithstanding said objection, and without waiving same, Defendants respond that they have no knowledge of the Governor having ever exercised executive power to seek an easement.

18.     Admit the Attorney General of the State of New York has exercised the authority to seek easements.

ANSWER:    Deny.

19.     Admit the New York State Attorney General's Real Property Bureau is tasked with securing clear title to lands held in the name of the State of New York.

ANSWER:    Admit that certain statutes require that the Attorney General's office review, examine, and certify title to land when it is acquired in the name of the people of the State of New York.

20.    Admit the Commissioner of the New York State Department of Transportation has exercised the power to acquire by grant or purchase interests in land necessary for lawful operation of the thruway system of the State of New York.

ANSWER:    Admit.

21.    Admit the Thruway Authority has exercised the power to obtain easements for the operation of the thruway system for the State of New York.

ANSWER:    Admit.

22.    Admit the tolls collected by the Thruway Authority are paid to the comptroller as agent of the Authority.

ANSWER:    Deny. The tolls collected by the Thruway Authority ceased being paid to the Comptroller as agent of the Authority on April 1, 2008.

23.    Admit the portion of the tolls for the Thruway that are attributable to the right to enter and cross the Nation's lands are quantifiable.

ANSWER:    Defendants object to the vague and ambiguous use of the word "quantifiable" in this Request for Admission and, therefore, deny it.

24.    Admit the following documents, attached as exhibits to these requests for admission, are true, correct, and genuine copies of the original documents.

Exhibit A.    January 15, 1946 letter from Charles R. Waters, District Engineer, State of New York Department of Public Works, to Cornelius Seneca, President, Seneca Nation of Indians.

ANSWER:    Admit.

Exhibit B.    May 7, 1946 letter from J. Frank O'Marah, Director of the Bureau of Rights of Way and Claims, State of New York Department of Public Works, to William

5

Zimmerman, Jr., Assistant Commissioner, United States Department of the Interior, Office of Indian Affairs.

ANSWER:   Admit.

Exhibit C.   May 20, 1946, letter from Elmer Thompson, Clerk, Seneca Nation of Indians, to Nora M. Anderson, Acting Superintendent of the New York Agency, United States Department of the Interior, Office of Indian Affairs.

ANSWER:   Admit.

Exhibit D.   May 21, 1946 letter from Nora M. Anderson, Acting Superintendent of the New York Agency, United States Department of the Interior, Office of Indian Affairs, to Elmer B. Thompson, Clerk, Seneca Nation of Indians.

ANSWER:   Admit.

Exhibit E.   June 10, 1946 letter from Oscar L. Chapman, Acting Secretary, United States Department of the Interior, to J. Frank O'Marah, Director, Bureau of Rights of Way and Claims, State of New York Department of Public Works.

ANSWER:   Admit.

Exhibit F.   September 10, 1954 Memorandum Re: Acquisition of rights of way from the Seneca Nation of Indians over the Cattaraugus Reservation for Subdivisions 5 and 6, Erie Section, NYST Chautauqua and Erie Counties from P.G. Baldwin, Director, Bureau of Rights of Way and Claims, State of New York Department of Public Works to B.D. Tallamy, Superintendent.

ANSWER:   Deny, unknown.

Exhibit G.   September 18, 1954 Seneca Nation Council Resolution.

ANSWER:   Admit.

6

Exhibit H.    September 20, 1954 Memorandum Re: Settlement with the Seneca Nation of Indians from P.G. Baldwin, Director, Bureau of Rights of Way and Claims, State of New York Department of Public Works to B.D. Tallamy, Chairman.

ANSWER:    Deny, unknown.

Exhibit I.    October 5, 1954 Indenture Between the Seneca Nation of Indians and the People of the State of New York.

ANSWER:    Admit.

Exhibit J.    October 5, 1954 Memorandum of Closing of Title in Re: The Seneca Nation of Indians.

ANSWER:    Admit.

Exhibit K.    October 7, 1954 letter from Nathanial Goldstein, Attorney General, State of New York to Hon. B.D. Tallamy, Chairman, New York State Thruway Authority.

ANSWER:    Admit.

Exhibit L.    October 8, 1954 letter from P.G. Baldwin, Director, Bureau of Rights of Way and Claims, New York State Thruway Authority to Department of Audit and Control.

ANSWER:    Deny, unknown.

Exhibit M.    New York State Thruway Authority Rights of Way and Claims Agreement of Adjustment dated April 25, 1955, Halftown Estate Assignee.

ANSWER:    Deny, unknown.

Exhibit N.    June 22, 1957 Seneca Nation Council Resolution.

ANSWER:    Admit.

Exhibit O.    Extract of Minutes of the Regular Council Session of the Seneca Nation of Indians held on December 14, 1968.

7

ANSWER:    Deny, unknown.

Exhibit P.    Extract of Minutes of the Regular Council Session of the Seneca Nation of

Indians held on October 16, 1971.

ANSWER:    Deny, unknown.

Dated: February 29, 2024
Buffalo, New York

LETITIA JAMES
Attorney General of the
State of New York
Attorney for Defendants
BY:

DAVID J. SLEIGHT
Assistant Attorney General
   of Counsel
Main Place Tower
350 Main Street, Suite 350A
Buffalo, New York 14202
Telephone: (716) 852-6274
David.Sleight@ag.ny.gov

8