# EXHIBIT M

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

SENECA NATION, a federally recognized
Indian tribe,

        Plaintiff,

        v.

KATHLEEN C. HOCHUL, in her official
capacity as Governor of New York, *et al.*,

        Defendants.

Case No. 1:18-cv-429-LJV-MJR

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

The Defendants, KATHLEEN C. HOCHUL, LETITIA JAMES, PAUL A. KARAS,

THOMAS P. DINAPOLI, and THE NEW YORK STATE THRUWAY AUTHORITY, by their

attorney Letitia James, Attorney General of the State of New York, David J. Sleight and Stephanie

Joy Calhoun, Assistants Attorney General, of counsel, respond to Plaintiff's Interrogatories dated

November 2, 2023, as follows.  The Defendants reserves the right to supplement their responses to

these Interrogatories as may be required.

**GENERAL OBJECTIONS AND DEFINITIONS**

Defendants make the following general objections to Plaintiff's Interrogatories as follows:

1.      Defendants object to any and all interrogatories to the extent that they would require the

disclosure of information which comes within attorney-client privilege.

2.      Defendants object to any and all interrogatories to the extent that they would

require the disclosure of information which comes within the work-product protection, including

information obtained as part of the preparation of this case, or in anticipation of Defendants

1

Defendant NYS Thruway authority has continuously, openly, and notoriously operated and maintained the Erie section of the Thruway. In addition, Defendants refer Plaintiff to the record in the prior, related litigation (*The Seneca Nation of Indians, et al. v. State of New York, et al.*, 93-CV-688A(H) (W.D.N.Y.)) that may contain information responsive to this interrogatory. Defendants reserve their right to supplement and/or amend their response to this interrogatory as discovery continues.

6.      Describe in detail all facts supporting your contention that "Plaintiff has received good and valuable consideration" for its interests in the lands affected by the Thruway, as set forth in paragraph 25 of the Answer (Doc. 74).

**ANSWER**: Defendants aver that Plaintiff received due consideration at the time of the easement as per the land values in effect in 1954. In addition, Defendants refer Plaintiff to the record as a whole in the prior, related litigation (*The Seneca Nation of Indians, et al. v. State of New York, et al.*, 93-CV-688A(H) (W.D.N.Y.)) that may contain information responsive to this interrogatory. Defendants reserve their right to supplement and/or amend their response to this interrogatory as discovery continues.

7.      Describe in detail all facts supporting your contention that the Nation has "reaffirmed and ratified the agreement," as set forth in paragraph 26 of the Answer (Doc. 74).

**ANSWER**: On September 18, 1954, the Seneca Nation Tribal Council adopted a resolution granting the Thruway Authority permission to construct and operate a Thruway over across and upon the Cattaraugus Indian Reservation; on October 5, 1954, the Seneca Nation entered into an easement agreement with the State of New York permitting the State to construct and operate the Thruway over and upon the easement; on June 22, 1957, the Seneca Tribal Council passed a resolution certifying individual landowners as legally entitled to compensation by reason of the appropriation of their land as a result of the easement the Nation entered with the State. In addition, Defendants refer Plaintiff to

the record as a whole in the prior, related litigation (*The Seneca Nation of Indians, et al. v. State of New York, et al.*, 93-CV-688A(H) (W.D.N.Y.)) that may contain information responsive to this interrogatory. Defendants reserve their right to supplement and/or amend their response to this interrogatory as discovery continues.

8.    Describe in detail the correct processes for negotiating, approving, implementing, and financing new rights-of-way on behalf of the State of New York for Thruway purposes.

**ANSWER**:  Defendants avers that the New York State Thruway Authority follows the Eminent Domain Procedure Law for acquiring new rights-of-way.  Additionally, the New York State Thruway Authority funding for operations and capital improvements which would include rights-of-way acquisitions comes primarily from Thruway Authority revenues or proceeds from the issuance of debt.

9.    Identify all persons, agencies, and governmental bodies who have, claim to have, or who you believe may have knowledge, documents, or information relating to the process for negotiating, approving, implementing, and financing new rights-of-way on behalf of the State of New York and describe the information they have, claim to have, or you believe they may have.

**ANSWER**: Here is a list of those agencies/governmental bodies who may have information/documentation that is generally responsive to this interrogatory: New York State Thruway Authority/Executive Chamber/New York State Office of Attorney General.  Defendants further states that information related to negotiating new rights-of-way may be found at these agencies/governmental bodies: New York State Office of Attorney General Real Property Bureau/New York State Department of Transportation/New York State Thruway Authority. Defendants further state that information/documentation related to the approval of new rights-of-way may be found at the following agencies/entities: New York State Division of Budget/New York State Thruway Authority/New York State Department of Transportation. Information related to the financing of

David Malone – Chief Financial Officer, NYS Thruway Authority
Craig Slezak – Director of Revenue Accounting, NYS Thruway Authority
Joseph Igoe – First Deputy General Counsel, NYS Thruway Authority
Monique Magwood- Deputy General Counsel, NYS Thruway Authority
Donna Hintz – Deputy General Counsel, NYS Thruway Authority

19.     Describe in detail any lease revenues received, such as fiber optic user fees, for any use of the Disputed Thruway Lands.

**ANSWER**:  Defendants state that there are no leases for the Disputed Thruway Lands. Defendants reserve their right to supplement and/or amend their response to this interrogatory as discovery continues.

Dated: January 5, 2024

Monique Magwood
Deputy General Counsel
New York State Thruway Authority
200 Southern Boulevard
Albany, New York 12209

11

## OBJECTIONS TO THE INTERROGATORIES

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
BY:

David J. Sleight
Assistant Attorney General of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 852-6271
David.Sleight@ag.ny.gov